THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMTAX HOLDINGS 260, LLC, an Ohio limited liability company, AMTAX HOLDINGS 114, LLC, an Ohio limited liability company, and ALDEN TORCH FINANCIAL LLC, a Delaware limited liability company,<br><br>                  Plaintiffs,<br>    v.<br>WASHINGTON STATE HOUSING FINANCE COMMISSION, a public body Corporate and politic of the State of Washington, BILL RUMPF, an individual, LISA J. BROWN, an individual, DIANE KLONTZ, an individual, DUANE DAVIDSON, an individual, JASON RICHTER, an individual, RICH NAFZIGER, an individual, ALBERT TRIPP, an individual, RANDY ROBINSON, an individual, ALISHIA TOPPER, an individual, LOWEL KRUEGER, an individual, KEN A. LARSEN, an individual, and WENDY L. LAWRENCE, an individual,<br>                  Defendants. | No. 2:20-cv-01698-BJR<br>PLAINTIFFS' OPPOSITION TO WASHINGTON STATE HOUSING FINANCE COMMISSION'S MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT |

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

Defendant Washington State Housing Finance Commission (the "Commission") should not be permitted to delay responding to the Complaint for an *additional* sixty days beyond the sixty days previously stipulated to by the parties and ordered by the Court. The Commission's request (Dkt. 20 ("Motion"))—which more closely resembles a motion to stay than a motion to extend a response deadline—is unwarranted, unsupported by evidence or legal authority, and only confirms that the Commission has no intention of ceasing its deprivation of Plaintiffs' constitutional rights. Indeed, at the same time that it requests a halt in these proceedings, the Commission resolutely defends its current unconstitutional rule, reaffirms its intent to penalize Plaintiffs based on their prior litigation conduct, and admits that the (unspecified) hypothetical changes are unlikely to resolve Plaintiffs' constitutional challenges.

The Commission cannot have it both ways: it must either defend the current rule in a timely manner or concede that the rule is unconstitutional and immediately repeal it. Only these actions can ensure a "clean record" for the Court (Motion at 4) and comport with the Federal of Civil Procedure Rules, which must be administered to ensure a "just, speedy, and inexpensive" determination of the action. Fed. R. Civ. P. 1. Anything less would unnecessarily postpone the adjudication of Plaintiffs' claims and subject Plaintiffs to further harm and prejudice based on the Commission's ongoing violation of Plaintiffs' constitutional rights.

## II. FACTUAL BACKGROUND

Plaintiffs filed their Complaint on November 17, 2020 (Dkt. 1 ("Complaint")), and the Commission and each of its commissioners accepted service on November 20, 2020 (Dkt. 21-1 (Flevaris Decl., Ex. E) at 67). The Complaint alleges a number of constitutional violations based on the Commission's adoption of a rule that categorically bars low-income housing tax credit ("LIHTC") investors from future participation in the federal LIHTC program in Washington if they engage in litigation to enforce their contractual ownership rights (the "Litigation Penalty").

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

While the Commission purports to have approved a proposal to move forward with certain proposed revisions to the Litigation Penalty at a Commission meeting on October 22, 2020 (*see* Dkt. 21-1 (Flevaris Decl., Ex. C) at 40, 43, 47), the Compliance Manual containing the Litigation Penalty was not updated to reflect those changes until *after* the Commission's counsel met and conferred with Plaintiffs' counsel in connection with the instant Motion. (Motion at 3 n. 1; *see also* Dkt. 21-1 (Flevaris Decl., Ex. E) at 63.) In any event, as Plaintiffs addressed in their Complaint (Complaint ¶¶ 142-150), the Commission's revisions to its Litigation Penalty compounded rather than cured the Litigation Penalty's constitutional deficiencies.

Soon after accepting service, the Commission requested an extension of its deadline to respond to the Complaint, and the parties agreed that the Commission would have sixty days from service of the Complaint to file an answer or otherwise respond. Plaintiffs accordingly prepared and filed a joint stipulation requesting that the Court extend the Commission's response deadline from December 11, 2020 to January 19, 2021 (Dkt. 18), and the Court granted that extension on December 8, 2020 (Dkt. 19).

Less than a week later, however, the Commission's counsel reached out to Plaintiffs' counsel to seek a *further* extension of the Commission's deadline to respond to the Complaint. The Commission's counsel claimed that "the Commission is currently working on *another* set of revisions to the limited partner transfer policy to further address the concerns raised in the lawsuit." (Dkt. 21-1 (Flevaris Decl., Ex. E) at 63 (emphasis added).) While the Commission's counsel generally described what the further changes were intended to "clarify," he did not share the text of the proposed revisions and provided only a vague assurance that "[t]he Commission is committed to finalizing these revisions by the end of February." (*Id.* at 62.)

Given (a) the Commission's clear effort to distance itself from the Litigation Penalty, and (b) the uncertainties surrounding any future policy,[1] Plaintiffs' counsel proposed that the

---

[1] Even in the current Motion, the Commission has not shared the text of any proposed revision, and instead asks Plaintiffs and the Court to accept that the Commission's third bite at the apple will somehow cure the constitutional problems with the existing Litigation Penalty. Nor is it

OPPOSITION TO MOTION FOR
EXTENSION
(No. 2:20-cv-01698-BJR) –2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Commission simply repeal the Litigation Penalty and agree to a stipulated judgment confirming that it is unconstitutional and unenforceable as written. (*Id.* at 59.) The Commission, however, has refused to acknowledge the Litigation Penalty's constitutional defects. Instead, the Commission—but not its commissioners—brings this Motion to extend its time to respond to Plaintiffs' constitutional claims based solely on the possibility that it might revise the Litigation Penalty in some unspecified way at some point in the future, and that the potential revision, if adopted, may cure at least some of the defects that the Commission claims do not exist.[2]

III.   **ARGUMENT**

   A.   **The Commission's Motion Provides the Wrong Standard of Review**

As a threshold matter, while styled as a request to extend the Commission's response deadline for "good cause" pursuant to Rule 6(b)(1), the Court should recognize the Motion for what it really is: a motion to stay proceedings. *See, e.g., Dauven v. U.S. Bank Nat. Ass'n*, CV 09-1471-PK, 2010 WL 5141275, at *14 (D. Or. Nov. 8, 2010) ("Although styled as a motion for extension of time pursuant to Fed. R. Civ. P. 6(b), [movant's] motion effectively seeks a stay of this court's proceedings . . . [and] should be denied."), report and recommendation adopted, CIV. 09-1471-PK, 2010 WL 5128256 (D. Or. Dec. 9, 2010); *Benyamini v. Terry*, 215CV02615TLNEFB, 2018 WL 827491, at *1 (E.D. Cal. Feb. 12, 2018) ("[Moving party's] motion seeking an emerg[e]ncy continuance of said matters until[ ] further notice, construed as a

---

clear that the Commission could make such a representation, as even a proposed revision of its Litigation Penalty would presumably go through a notice and comment period, be subject to debate at a public meeting, and only then possibly be adopted by the Commission.

[2] It is apparent from a review of the Motion and supporting exhibits that the Commission remains intent on penalizing Plaintiffs based on their exercise of constitutionally protected rights. Specifically, the Commission confirms in its Motion that it views Plaintiffs' successful defense of contractual rights in the SHAG litigation as a "scheme" involving "aggressive negotiation and litigation tactics" (Motion at 2 (citing Dkt. 21-1 (Flevaris Decl., Ex. A) at 8-9)), and that the Commission intends to take Plaintiffs' prior litigation conduct into consideration in determining whether to permit them to invest in LIHTC projects in Washington. (*Id.* (Flevaris Decl., Ex. E) at 62 (stating only that a "party's *mere* past exercise of its legal rights, including the right to resolve LIHTC disputes through litigation, will not be penalized") (emphasis added).)

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

motion to stay . . . is denied."). Indeed, while the Motion requests only an extension of time for the *Commission* to respond to the Complaint, its clear intent is to halt this action so that: (a) all thirteen Defendants will not have to respond to the Complaint; (b) the Court will not issue a scheduling order within the time limits of Rule 16(b)(2); and (c) there will not be a corresponding conference in the time contemplated by Rule 26(f).

Unlike *Ahanchian v. Xenon Pictures, Inc.*, on which the Commission relies (Motion at 3-4), the Commission is not seeking an extension simply to accommodate its counsel's scheduling issues. *Cf. Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (noting the movant was seeking "a one-week extension of time" for a summary judgment opposition due to "an extremely short eight day response deadline").[3] Instead, the Commission is effectively asking this Court to stay these proceedings for at least two more months—and for potentially a longer time if, as in the past, it takes longer to amend the existing rules and policies—so that it can avoid having to choose between defending or disavowing its unconstitutional Litigation Penalty. The Commission, however, cannot—and, indeed, has not even attempted to—meet the more rigorous standard justifying a stay.

A stay is appropriate only where it will serve the interests of judicial economy by allowing for the development of factual and legal issues and where weighing the hardships between the parties favors the granting of a stay. *See, e.g., Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). The Ninth Circuit has cautioned that "if there is even a fair possibility that the stay … will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Id.* (citations omitted) (finding stay unwarranted because it would harm the party seeking "injunctive relief against ongoing and future harm").

---

[3] The Commission misleadingly cites to *Ruszczyk v. Noor*, 349 F. Supp. 3d 754 (D. Minn. 2018), without acknowledging that *Ruszczyk* involved a motion to stay pending the resolution of state criminal proceedings, and that the court in that case extended the deadline to answer the complaint based solely on the entry of the stay. (*See* Motion at 4-5.)

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Here, there is more than a "fair possibility" of harm to Plaintiffs if a stay is granted. Plaintiffs are seeking declaratory and injunctive relief from harm they are currently suffering because of the Commission's unconstitutional Litigation Penalty. *See, e.g., Am. Trucking Associations*, 559 F.3d 1046, 1059-61 (9th Cir. 2009) (courts should "proceed as quickly as possible so that [plaintiff] will not suffer unnecessary harm from any unconstitutional provisions"). Merely having to defend against this action, moreover, does not constitute a clear case of hardship or inequity to the Commission. *Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity"). The Commission thus has not met its burden to justify the stay it is proposing, and its Motion should be denied on that basis.

### B. The Commission Has Not Demonstrated Good Cause Justifying an Additional Extension of Time to Respond to the Complaint

Even if evaluated under the more permissive standard in Rule 6(b)(1)—which gives the Court discretion to grant an extension for "good cause shown"—the Motion still falls short. *Universal Life Church Monastery Storehouse, Inc. v. Cauley*, No. C13-0592-JCC, 2013 WL 12177067, at *2 (W.D. Wash. July 10, 2013) (denying motion for extension of time to answer complaint based on failure to demonstrate good cause). The Commission requests an additional extension of time to respond to the Complaint to "allow adoption of a new policy that clarifies the position of the Commission in a way that should address [Plaintiffs'] concerns." (Motion at 4.) The Commission fails, however, to provide any *evidence* to support its claim that a new policy is imminent, or even to describe the new policy with any specificity. [4] The Commission

---

[4] In support of its contentions regarding the proposed revision, the Commission relies exclusively on statements from its outside litigation counsel in an email exchange with Plaintiffs' counsel and in his declaration in support of this Motion. These statements are insufficient to establish the factual assertions in the Motion regarding the further proposed revisions that the Commission is allegedly contemplating. Fed. R. Evid. 801 (a), (c) (extra-judicial statement is inadmissible hearsay where offered to prove the truth of the matter asserted therein); *Mahone v. Lehman*, 347 F.3d 1170, 1173 (9th Cir. 2003) (reiterating same).

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

further fails to identify any *case* in which a court agreed to extend a response deadline based on one party's representation (let alone a representation by a party's counsel) that it might do something in the future that could possibly render certain claims moot.

Plaintiffs' reliance on *Am. Diabetes Ass'n v. United States, Dep't of the Army* (Motion at 4) is misplaced. In that case, the Ninth Circuit upheld the dismissal of a complaint challenging a policy of the United States Army only *after* the Army *rescinded the policy in its entirety*. 938 F.3d 1147, 1150 (9th Cir. 2019). Similarly, in *Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of the Interior*, on which the Commission also relies (Motion at 4), the court granted an extension to file an administrative record in the case only after "the Department of the Interior notified Plaintiff's counsel of record in writing that it had retracted" the challenged decision, and would be seeking dismissal of the complaint on that basis. No. 217CV01156TLNCKD, 2020 WL 3841264, at *1 (E.D. Cal. July 8, 2020). Here, by contrast, the Commission has *not* rescinded or retracted the Litigation Penalty *as Plaintiffs' counsel proposed*, but instead continues to insist "that its prior and current investor transfer policies pass constitutional muster[.]" (Motion at 3.) If the Commission wants to rely on *American Diabetes* and *Tsi Akim Maidu*, it should formally rescind or retract its challenged policy as was done in those cases—it should not be permitted to both stand by the Litigation Penalty and not respond to the Complaint challenging its constitutionality.

Notwithstanding the lack of evidence or specificity regarding the hypothetical policy changes on which the Motion is based, it is clear that the Commission has no intention of curing the Litigation Penalty's constitutional defects. Under the Commission's proposal—which does not appear to be materially different from prior changes to the Litigation Penalty that are addressed in the Complaint—Plaintiffs would still unconstitutionally be subjected to the Commission's arbitrary and discretionary review of their protected litigation conduct. (*See* Motion at 3 (confirming that, even under the further revisions the Commission is proposing, the Commission would retain discretion to prevent Plaintiffs from future participation in the LIHTC

OPPOSITION TO MOTION FOR
EXTENSION
(No. 2:20-cv-01698-BJR) –6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

program in Washington based, at least in part, on their protected litigation conduct).)  It is difficult to imagine how such a review process could avoid infringing Plaintiffs' constitutional rights—particularly given the overt bias Plaintiffs would inevitably face, as evidenced by the Commission's own Motion falsely accusing Plaintiffs of engaging in a "scheme" to undermine the LIHTC program.  (*Id.* at 2; *see also* Dkt. 21-1 (Flevaris Decl., Ex. A) at 17 (describing Judge Martinez's ruling in Plaintiffs' favor in the SHAG litigation as a "mistake").)

The Commission also seeks an inordinately lengthy extension of an additional sixty days, even though it already sought and received an extension of its response deadline from December 11, 2020 to January 19, 2021.  By contrast, in the single case cited by the Commission where only an extension of time—as opposed to a stay of proceedings—was requested, the moving party sought and received a *single* extension of *one week* to file a summary judgment opposition.  *Ahanchian*, 624 F.3d at 1255.  Courts, moreover, routinely deny extension requests where, as here, the court had previously granted an extension, even where the further extension was significantly shorter than the one sought here.  *See, e.g., Ng v. Haggen, Inc.*, No. C08-1160-JCC, 2009 WL 927821, at *1 (W.D. Wash. Apr. 2, 2009) (granting an initial extension of 15 days and rejecting a second contemplated 25-day extension), aff'd, 444 F. App'x 957 (9th Cir. 2011); *Blakeney v. Karr*, No. C13-5076 BHS/KLS, 2013 WL 5525733 (W.D. Wash. Oct. 4, 2013) (granting an initial extension of 17 days and rejecting a second 15-day extension), report and recommendation adopted, C13-5076 BHS, 2013 WL 6018609 (W.D. Wash. Nov. 13, 2013).

The Commission claims that it was "diligent in its attempts to confer with [Plaintiffs] about the forthcoming policy changes and this motion." (Motion at 5.)  The Commission, however, did not mention its plan to further revise the Litigation Penalty when requesting its initial extension (which the Court granted less than a week before the Commission raised with Plaintiffs' counsel the second extension that is the subject of this Motion), and still has not provided either Plaintiffs or the Court with the language of the proposed revision.  The Commission also ignores that Plaintiffs submitted comments and objections to the *last* round of

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

revisions the Commission proposed, only to have those comments and objections disregarded by the Commission. (*See* Declaration of Alison Wadle ¶ 2, Ex. A.) The suggestion that the Commission was unaware until "after reviewing the Complaint" that the "concerns motivating this lawsuit could reasonably be addressed through further policy revisions" (Motion at 6) accordingly is not credible.

Because Plaintiffs have already stipulated to and the Court has already granted a sufficient extension of time to respond to the Complaint, and because the Commission has not otherwise demonstrated good cause, the Motion should be denied. *Williams v. Warner*, No. 317CV05615BHSDWC, 2018 WL 3064779, at *1 (W.D. Wash. June 19, 2018) (emphasizing that "the Court will not entertain further delay in this case" and denying motion for extension where the moving party has been given prior extension).

**C.     A Further Extension Will Prejudice Plaintiffs and Waste Judicial Resources**

An additional extension of time to respond to the Complaint would prejudice Plaintiffs by further delaying their ability to obtain relief from the Litigation Penalty. The Commission should not be allowed to avoid responding and take a third bite at the apple while Plaintiffs suffer continued harm. *Cf. Ahanchian*, 624 F.3d at 1260 (granting extension, in part, because there was no indication that an extension of time would prejudice the non-moving party).

Plaintiffs' exclusion from the LIHTC program in Washington based on the Litigation Penalty results in immediate and ongoing harm to their constitutional rights—harm that must be remedied without delay. *See, e.g., Am. Trucking Associations*, 559 F.3d at 1059-61 ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm," requiring courts to "proceed as quickly as possible so that [the aggrieved party] will not suffer unnecessary harm from any unconstitutional provisions"). In addition, the Litigation Penalty is inflicting substantial harm on Plaintiffs' business and investments, including by incentivizing LIHTC sponsors to challenge the existing partnership rights of Plaintiffs and other LIHTC investors and force those investors to choose

OPPOSITION TO MOTION FOR
EXTENSION
(No. 2:20-cv-01698-BJR) –8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

between abandoning their existing rights or jeopardizing their ability to participate in the LIHTC program in the future.

Finally, an extension of time will not save judicial resources as the Commission contends.  (*See* Motion at 4 (claiming that the further extension, if granted, will "result in a clean record before this Court and avoid unnecessary briefing").  To the contrary, moving for an extension here has already resulted in unnecessary briefing, and requires the Court to evaluate prematurely and on a woefully incomplete record whether the Commission's unspecified and hypothetical further revision to the Litigation Penalty *might* cure *some* of its constitutional defects, only to have to revisit the same issues and decide, in the context of dispositive motion practice, whether it actually has.  (*See id.* ("The Commission has communicated to [Plaintiffs] its intention to file a motion to dismiss this case in lieu of an answer").)  An extension for this purpose is an overt waste of judicial resources and in contravention of the purpose of the Federal Rules of Civil Procedure demanding expeditious resolution of litigation.  *See, e.g.,* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding") (emphasis added).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Commission's Motion.

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Respectfully submitted this 11th day of January, 2021.

**King & Spalding LLP**
By: s/ *Eric S. Pettit*
Eric S. Pettit (*pro hac vice*)
Michael D. Roth (*pro hac vice*)
Laura Lively Babashoff (*pro hac vice*)
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310
Email: epettit@kslaw.com
    mroth@kslaw.com
    llively@kslaw.com


**Perkins Coie LLP**
By: s/ *David J. Burman*

David J. Burman WSBA #10611
Tiffany Lee WSBA #51979
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email: DBurman@perkinscoie.com
    TiffanyLee@perkinscoie.com


Attorneys for Plaintiffs

OPPOSITION TO MOTION FOR EXTENSION
(No. 2:20-cv-01698-BJR) –10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000