THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMTAX HOLDINGS 260, LLC, an Ohio limited liability company, AMTAX HOLDINGS 114, LLC, an Ohio limited liability company, and ALDEN TORCH FINANCIAL LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE HOUSING FINANCE COMMISSION, a public body Corporate and politic of the State of Washington, BILL RUMPF, an individual, LISA J. BROWN, an individual, DIANE KLONTZ, an individual, DUANE DAVIDSON, an individual, JASON RICHTER, an individual, RICH NAFZIGER, an individual, ALBERT TRIPP, an individual, RANDY ROBINSON, an individual, ALISHIA TOPPER, an individual, LOWEL KRUEGER, an individual, KEN A. LARSEN, an individual, and WENDY L. LAWRENCE, an individual,<br><br>Defendants. | No. 2:20-cv-01698-BJR<br><br>WASHINGTON STATE HOUSING FINANCE COMMISSION'S REPLY IN SUPPORT OF EXTENSION OF TIME TO ANSWER COMPLAINT |

REPLY IN SUPPORT OF MOTION FOR EXTENSION
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## I. INTRODUCTION

The Commission seeks an extension of the deadline to answer the Complaint to allow it to finalize revisions to the investor transfer policy that Alden Torch challenges in this lawsuit. This will ensure the parties brief the numerous grounds for dismissal only once, based on the version of the policy the Commission plans to apply going forward. Alden Torch does not contest that these forthcoming revisions will supersede the current policy. Nor has it shown that the current policy has been applied against it or that a two-month extension will cause it prejudice in any way. Instead, Alden Torch attempts to circumvent this straightforward request by challenging the applicable legal standard and previewing its merits arguments, which lack evidentiary support and have little relevance to whether the extension should be granted. Because there is good cause for the extension, and no prejudice will result, extending the answer deadline from January 19 to March 19, 2021 is warranted and appropriate.

## II. ARGUMENT

**A.     The Commission seeks an extension, not a stay, but its request meets either standard.**

The Commission seeks a targeted, two-month extension of a single deadline at the outset of this case. Such extensions are "normally" granted and are well within the Court's discretion as long as "good cause" exists. *See* Fed. R. Civ. P. 6(b)(1); Standing Procedure Order, § D; *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Here, the Commission has shown good cause, and the absence of any countervailing prejudice. *See* Dkt. No. 20.

Rather than addressing the applicable standards, Alden Torch insists the Commission has requested a stay rather than an extension. Dkt. No. 24 at 4-6. But the two cases it cites for this proposition are quoted out of context and show that a stay is a broad suspension of active litigation, not a brief extension of a single opening deadline as the Commission is requesting here. In *Dauven*

MOTION FOR EXTENSION - 1
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*v. U.S. Bank Nat. Ass'n*, No. CV 09-1471, 2010 WL 5141275, at *14 (D. Or. Nov. 8, 2010), a party effectively requested a stay by seeking to broadly suspend ongoing litigation until the uncertain conclusion of a corresponding state court appeal. And in *Benyamini v. Terry*, No. 215CV02615, 2018 WL 827491, at *1 (E.D. Cal. Feb. 12, 2018), the court merely indicated in passing, in a summary ruling lacking any context, that it would treat a certain motion as one for a stay. Even a cursory review of the underlying motion in that case—in which a pro se plaintiff sought an "emergency continuance" of the entire litigation midstream because he could not "access his mail or file cabinets filled with evidence and filings"—confirms it is inapposite. *Benyamini*, Dkt. No. 39. Here, the Commission is asking only to extend a single opening deadline to a date certain. Alden Torch identifies no authority limiting the Court's ability to grant such a straightforward extension in these circumstances. *See* Dkt. No. 24 at 4-6.

As part of its argument for applying stay standards, Alden Torch questions the length of the requested extension. Dkt. No. 24 at 5. Again, it cites no authority supporting its position on this point. To the contrary, one of its own cited cases confirms a two-month extension, particularly of an early case deadline, is common and reasonable. *See Benyamini*, Dkt. Nos. 16, 28, 40 (granting multiple 60-day extensions). Here, the request is especially reasonable given that the Commission has just opened the public comment period on the proposed revisions and plans to finalize them at its February 25 board meeting. *See* Flevaris Reply Decl., Ex. A. Extending the answer deadline to March 19, just three weeks after the revisions are finalized, allows the parties time to confer about next steps while ensuring prompt and efficient adjudication of any issues that remain.

Alden Torch also repeatedly emphasizes that the title of the instant motion names only the Commission, not the individual commissioners. Dkt. No. 24 at 5. This is a distinction without a difference. The commissioners are named in their official capacity in this suit, are represented by

MOTION FOR EXTENSION - 2
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

the same legal counsel, and speak in one voice with the Commission for purposes of this dispute. *See* Dkt. No. 20 at 8 (signature block). Alden Torch is well aware that it is the commissioners who will adopt the policy revisions on behalf of the Commission. *See* Dkt. No. 21-1 at 60.

Finally, beyond the fact that the Commission is seeking a targeted extension rather than a stay, the relief it has requested is warranted under either standard. Both involve a balancing of relevant interests, as Alden Torch acknowledges. *See* Dkt. No. 24 at 5 (admitting a stay is warranted "where it will serve the interests of judicial economy by allowing for the development of factual and legal issues" and will not harm the adverse party). As discussed below, the relevant interests here all weigh in favor of the modest extension the Commission is requesting.

**B.    The Commission has established good cause because an extension will prevent duplicative and unnecessary briefing and promote judicial economy.**

There is good cause for the requested extension because it will ensure the parties brief the multiple grounds for dismissal only once, and in relation to the most current version of the Commission's investor transfer policy that Alden Torch challenges in this lawsuit. *See* Dkt. No. 20. Without this extension, the parties will complete briefing on the grounds for dismissal just days before the current policy is superseded. *Id.* at 5. Granting the extension will thus prevent unnecessary and duplicative briefing and focus the Court's and parties' time and resources on any live issues remaining after the revisions are finalized.

Alden Torch does not dispute that the impending revisions will supersede the current policy. *See generally* Dkt. No. 24. Instead, Alden Torch disputes only whether the revisions themselves will be constitutional. *Id.* at 6-9. That argument relates to the merits of this case, not the limited question of whether an extension is warranted. The parties can and will address the constitutionality of the revisions after they are finalized; the Commission asks for this extension

MOTION FOR EXTENSION - 3
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

to ensure that the constitutional issues are addressed in a ripe, not moot, context and the Court considers those issues only once.

In a similar vein, Alden Torch argues that an extension is somehow unwarranted because the Commission has not disavowed its current transfer policy. Dkt. No. 24 at 2. This argument misunderstands the purpose and effect of the revisions. The Commission is overhauling its current policy *not* because it believes it to be unconstitutional, but because it wishes to avoid needless litigation by providing greater detail and clarifying within the policy that it will not be applied in the manner Alden Torch suggests. Dkt. No. 20 at 4, 6; Flevaris Reply Decl., Ex. A. It is undisputed these revisions will supersede the current policy. *See generally id*.; Dkt. No. 20 at 4, 7. Because the current policy will be rescinded and no longer in effect, whether the current policy is constitutional will become a moot question. *See* Dkt. No. 20 at 5. Although Alden Torch insists that the Commission declare its current policy to be unconstitutional, Alden Torch identifies no reason or requirement for the Commission to do so. *See* Dkt. No. 24 at 2, 4.

Alden Torch also suggests that this request for an extension is improper because the Commission has not submitted sufficient evidence regarding the timing or content of its policy revisions. Dkt. No. 24 at 4 & n.1, 5 & n.4, 6. This is the first time Alden Torch has raised this concern. It never asked to see the text of the proposed revisions during the parties' multiple conferences regarding this motion. Regardless, the assurances of counsel on these issues should be sufficient for purposes of this motion, as lawyers speak for their clients. *See, e.g.*, *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). The Commission's counsel communicated in both correspondence with opposing counsel and in its motion to this Court that the Commission planned to finalize the revisions by the end of February and described the substance of those revisions. Dkt. No. 21-1 at 58-67; Dkt. No. 20 at 4. The Commission did not provide the text of the revisions at

MOTION FOR EXTENSION - 4
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

that time because they were not yet available. The Commission recently published proposed revisions on January 13, 2021, and provided notice and a request for public comment to all interested parties, including Alden Torch. *See* Flevaris Reply Decl., Exs. A, B. The content of those proposed revisions is consistent with the description the Commission provided in its motion and in its meet-and-confer with Alden Torch. *See id*. The public notice also confirms the Commission plans to finalize the revisions at its February 25 board meeting. *Id.*[1]

Finally, Alden Torch argues that this requested extension is not warranted because this motion itself is a waste of resources. Dkt. No. 24 at 10. The parties are briefing these issues only because Alden Torch refused to stipulate to the Commission's request without identifying any prejudice that would result. And the time spent briefing this motion does not undermine the fact that it is reasonable and efficient to brief the grounds for dismissal only once and after the Commission's investor transfer policy is clarified and its revisions are finalized. That is particularly important because this case involves a facial constitutional challenge to a policy that has not been applied. In short, none of Alden Torch's arguments are relevant to, much less undermine, the good cause that exists to grant the requested extension.

**C.    The extension will not cause prejudice to Alden Torch.**

An extension is also warranted because Alden Torch has not shown that any prejudice will result. As explained in the Commission's motion, the mere potential for delay does not qualify as

---

[1] Alden Torch suggests the Commission "ignor[ed]" its public comment when the current transfer policy was being considered. Dkt. No. 24 at 8-9. It is unclear how that complaint relates to the request before this Court. It is also baseless. Alden Torch's prior comment was vague and included no specific recommendations for the Commission to consider or implement. *See* Dkt. No. 25-1. The Commission considered Alden Torch's concerns and clarified its policy to confirm that whether a transferee "had a claim filed against it" would be considered only as a potential trigger for further inquiry. Dkt. No. 21-1 at 43, 52-53. Alden Torch also appears to suggest some impropriety in the timing of the Commission's updates to its policy manuals. Dkt. 24 at 3. As the Commission explained to Alden Torch and in its motion, the current transfer policy was approved at the commissioners' October 22, 2020 meeting, and the Commission proceeded to update its programmatic materials to reflect those changes on a rolling basis, which the Commission expedited and has now completed. Dkt. No. 20 at 4 n.1.

MOTION FOR EXTENSION - 5
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

prejudice for this purpose. *See Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (requested extensions "normally" granted in the absence of "prejudice to the adverse party"); *WRE-Hol, LLC v. Pharos Sci. & Applications, Inc.*, No. C09-1642 MJP, 2010 WL 786005, at *2 (W.D. Wash. Mar. 4, 2010) (noting mere delay in adjudication is not prejudice). More importantly, it is unlikely that proceeding with briefing on a motion to dismiss now would change the outcome or timing of this case, as Alden Torch suggests, because the parties would need to brief the merits of the revisions anyway before this dispute could be resolved. The Commission's proposed extension thus benefits Alden Torch by ensuring that the parties will promptly brief the merits shortly after the forthcoming revisions are finalized.

Overlooking the practical benefit, Alden Torch now argues for the first time that the requested extension will prolong the vague and unspecified "harm to [its] constitutional rights" alleged in the Complaint. Dkt. No. 24 at 6, 9. It is unclear what harm Alden Torch is experiencing, as it has not attempted to obtain the Commission's approval of a transfer, is currently participating in the LIHTC program in Washington, and fails to allege in its Complaint any specific injury related to any particular project or partnership. *See generally* Dkt. No. 1. Alden Torch similarly included ***no*** allegations of harm, much less evidence of actual injury, in the declaration it submitted to this Court in support of its opposition. *See* Dkt. No. 25.

The Commission is only asking for the parties to brief this case based on the policy the Commission intends to implement. Alden Torch identifies no authority for the novel proposition that a plaintiff is somehow prejudiced if the Court does not permit it to litigate the merits of a superseded policy that was not, and never will be, applied to it. *See generally* Dkt. No. 24. The single case it cites did not involve a superseded policy or a request for an extension (or a stay) and is distinguishable on its facts. *See Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d

MOTION FOR EXTENSION - 6
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1046, 1057-59 (9th Cir. 2009) (plaintiffs faced imminent shutdown of their existing businesses that would result in significant financial costs and lost jobs). It is also unclear how the Commission's current policy could continue to "harm" Alden Torch given that the Commission has already stated publicly that the current policy is about to be superseded. Flevaris Reply Decl., Ex. A.

### III.   CONCLUSION

To avoid unnecessary and duplicative briefing and ensure the efficient resolution of this dispute, the Commission respectfully asks the Court to extend its deadline to answer the Complaint from January 19 to March 19, 2021. If the Court is inclined to deny the extension, the Commission then respectfully requests that its answer be due at least 11 days after the Court's decision, which is the same length of time as the briefing schedule on this motion. *See* Dkt. No. 23.

DATED this 15th day of January, 2021.

PACIFICA LAW GROUP LLP

By *s/ Taki V. Flevaris*
Paul J. Lawrence, WSBA #13557
Taki V. Flevaris, WSBA #42555
Alanna E. Peterson, WSBA #46502
1191 Second Avenue, Suite 2000
Seattle, WA 28101
Telephone: (206) 245-1700
Facsimile: (206) 245-1785
Paul.Lawrence@pacificalawgroup.com
Taki.Flevaris@pacificalawgroup.com
Alanna.Peterson@pacificalawgroup.com

*Attorneys for Defendants*

MOTION FOR EXTENSION - 7
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2021, I electronically filed the foregoing document with the Court ECF system, which will send notification of such filing to all counsel of record.

Dated this 15th day of January, 2021.

*s/ Thien Tran*
Thien Tran, Paralegal/Legal Assistant

MOTION FOR EXTENSION - 8
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750