THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMTAX HOLDINGS 260, LLC, an Ohio limited liability company, AMTAX HOLDINGS 114, LLC, an Ohio limited liability company, and ALDEN TORCH FINANCIAL LLC, a Delaware limited liability company,<br><br>                              Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE HOUSING FINANCE COMMISSION, a public body Corporate and politic of the State of Washington, BILL RUMPF, an individual, LISA J. BROWN, an individual, DIANE KLONTZ, an individual, DUANE DAVIDSON, an individual, JASON RICHTER, an individual, RICH NAFZIGER, an individual, ALBERT TRIPP, an individual, RANDY ROBINSON, an individual, ALISHIA TOPPER, an individual, LOWEL KRUEGER, an individual, KEN A. LARSEN, an individual, and WENDY L. LAWRENCE, an individual,<br><br>                              Defendants. | No. 2:20-cv-01698-BJR<br><br>DEFENDANT WASHINGTON STATE HOUSING FINANCE COMMISSION'S MOTION TO DISMISS AMENDED COMPLAINT |

MOTION TO DISMISS AMENDED COMPLAINT
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................ 1

II. BACKGROUND ............................................................................................................. 2

    A. The Commission administers and oversees the LIHTC program in Washington to provide affordable housing to low-income residents. ................................................ 2

    B. In response to a private investment scheme that threatened its LIHTC portfolio, the Commission revised its transfer policy and published a report. ................................ 3

    C. Alden Torch has been in LIHTC partnership disputes across the country and claims that the Commission's policy penalizes its litigation activities. .................................. 6

III. ARGUMENT .................................................................................................................. 7

    A. This case is moot because the Commission overhauled the investor transfer policy and will not revert to the superseded version with which Alden Torch disagrees. ...... 7

    B. Alden Torch's abstract attack on the investor transfer policy is prudentially unripe. .. 9

    C. Alden Torch cannot meet the requirements of a facial challenge. ............................ 11

    D. The Report is government speech that does not support Alden Torch's claims. ........ 14

IV. CONCLUSION ............................................................................................................ 15

MOTION TO DISMISS AMENDED COMPLAINT - i
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

# I. INTRODUCTION

This case concerns the Washington State Housing Finance Commission's efforts to protect affordable housing projects it oversees as part of the Low Income Housing Tax Credit ("LIHTC") program from a private investment scheme designed to sap value from those projects at the expense of their long-term viability as affordable housing. In the cooperative federal and state LIHTC program, the federal government provides tax credits to induce investors to fund projects in partnership with private, nonprofit, and public housing organizations, while the states approve and oversee all projects within their respective jurisdictions. The Commission administers the LIHTC program in Washington. For decades, its regulations and recorded covenants have made clear that the Commission's consent is required for any transfer of a LIHTC project interest in this state.

In recent years, the Commission identified a pattern whereby certain funds were buying up LIHTC partnership interests from investors who had received their tax credits, then refusing to exit the deals as originally planned. Instead, these funds aggressively negotiate and litigate against the other project partners to force a sale, buyout, or other extraction of value that undermines the use of the property as affordable housing. In response, the Commission took two distinct steps: First, it revised its policies to subject investor transfers to greater scrutiny going forward, consistent with its authority. Second, it published a report explaining the scheme and offering an interpretive legal framework for courts to follow in resolving LIHTC disputes to promote the program's goal of generating affordable housing for the longest periods possible (the "Report").

Plaintiff Alden Torch Financial LLC ("Alden Torch") is a for-profit investment fund that has engaged in this activity to the detriment of the long-term goals of the LIHTC program. Without applying for transfer approval, asking the Commission for clarification, or suffering a concrete injury, Alden Torch challenges the transfer policy and Report as unconstitutional. After the

MOTION TO DISMISS AMENDED COMPLAINT - 1
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Commission sought dismissal, Alden Torch amended its Complaint but largely ignored the deficiencies the Commission identified. As before, the Amended Complaint lacks merit and fails to state a claim, for several reasons. First, this case is moot because the Commission has overhauled its policy to clarify it will not penalize litigation conduct, and the superseded iterations with which Alden Torch disagrees are no longer in effect. Second, Alden Torch's claims are unripe unless and until the policy is applied to it. Deferring review would aid proper adjudication without causing hardship. Third, Alden Torch's facial challenge to the policy is invalid. The Commission has authority to regulate LIHTC transfers in Washington and can validly apply its policy. Finally, Alden Torch has no entitlement to an injunction against the Report because it is government speech, not a policy or rule. In short, the Commission has the authority to protect its LIHTC portfolio from harmful interference. Its policy is a lawful and reasonable exercise of that authority. Accordingly, the Amended Complaint should be dismissed.

## II.   BACKGROUND

### A.   The Commission administers and oversees the LIHTC program in Washington to provide affordable housing to low-income residents.

Codified at 26 U.S.C. § 42, LIHTC is a cooperative program between federal and state governments designed to generate and sustain affordable housing for low-income residents. The program offers federal tax credits to owners of qualifying projects, often partnerships between investors with significant federal tax liability and housing organizations seeking to develop and manage such projects. 26 U.S.C. § 42; Dkt. No. 21-1 at 4-5. A primary goal of the program is to serve the lowest income tenants for the longest periods possible. *See* 26 U.S.C. § 42(m)(1)(B)(ii).

The LIHTC statute authorizes states to designate a housing finance agency ("HFA") to allocate credits annually to qualifying projects, and directs the IRS to administer claimed credits for federal tax purposes. 26 U.S.C. § 42. The program is administered primarily by each state's

MOTION TO DISMISS AMENDED COMPLAINT - 2
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

HFA within their respective jurisdictions. *See, e.g.*, IRS, *Market Segment Specialization Program Guideline: Low-Income Housing Credit*, 1999 WL 33458386, at *116 (Oct. 1999) (noting "a major portion of the administration has been delegated to the state housing credit agencies" which have "broad general authority"). Each HFA sets priorities for allocating credits among competing projects, giving preference to projects serving the lowest income tenants for the longest periods, 26 U.S.C. § 42(h)(1)(C), (3)(A)-(B), (7)(A), (m)(1); enters an agreement with each approved project that must include certain terms and be recorded as a restrictive covenant under state law, § (h)(6); and monitors for noncompliance, § (m)(1)(B)(iii), among other responsibilities.

The Commission is Washington's HFA and has administered the program in this state for decades. *See* Dkt. No. 21-1 at 5. In this role, it has enacted regulations; published guidance in the form of "Policies" and a "Compliance Manual" explaining how it plans to apply its regulations; and recorded a "Regulatory Agreement" as a covenant running with each project. Wash. Admin. Code ("WAC") 262-01-130; Dkt. No. 33-1, 33-2, 33-3. The Regulatory Agreement requires owners to comply with the regulations, Policies, and Compliance Manual "as the same may be amended," and states that unless the Commission makes an exception, any transfer of a project interest "shall require the prior written consent of the Commission." Dkt. No 33-6 at 16, 19, 27. The same requirement is mirrored in the regulations. WAC 262-01-130(13). This requirement helps the Commission ensure each project continues to operate smoothly, complies with program requirements, and remains affordable housing for the longest period possible.

**B.    In response to a private investment scheme that threatened its LIHTC portfolio, the Commission revised its transfer policy and published a report.**

The Commission has identified an investor scheme it considers a serious threat to its LIHTC portfolio and low-income residents. Dkt. No. 21-1 at 4-5. In particular, some private funds have been acquiring investor interests in LIHTC partnerships after all tax credits have been

MOTION TO DISMISS AMENDED COMPLAINT - 3
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

claimed, then refusing to exit the deals and using aggressive tactics against other partners to extract additional value. *Id*. The Commission considers this strategy to conflict with original expectations and the efficacy of the LIHTC program. *Id.* In particular, the operating assumption across the industry for decades was that investors would exit after all tax credits had been claimed, leaving the projects to the housing organizations to continue managing as affordable housing. *Id.* at 7-9. When investors generate disputes and attempt to force a sale or buyout to extract more value, resources that would otherwise be used to run the project as affordable housing are diverted, and the project is less likely to stay in the program or remain as affordable housing into perpetuity. *Id.*

In response to this threat, the Commission took two distinct steps. First, to prevent opportunistic investors from impacting the Commission's LIHTC portfolio, the Commission revised its policy guidance to impose heightened scrutiny over investor transfers. Dkt. Nos. 33-1 at 6-8, 33-2 at 5-7, 33-3, 33-4, 33-5 at 7-17. Second, the Commission published the Report, which explains the overall problem and offers an interpretive legal framework for resolving LIHTC statutory and partnership disputes. Dkt. No. 21-1 at 2-18. The Report observes most partnership disputes are "not subject to the direct regulatory authority of [HFAs] such as the Commission" and instead will be resolved in courts. *Id.* at 5. To assist courts in resolving such disputes, the Report details the text, context, and purpose of the statute and explains why any related ambiguities should be resolved in favor of nonprofit ownership and low-income housing. *Id*. at 2-18.

In August 2019, the Commission adopted guidance to determine when a new investor can buy out the interests of an existing investor in a Washington LIHTC project, providing in general terms that it would consent only if the transferee certified it had not "engaged in litigation" over the disposition of a LIHTC project. Dkt. No. 21-1 at 23. In October 2020, in response to stakeholder feedback and before this suit was filed, the Commission amended the guidance to

MOTION TO DISMISS AMENDED COMPLAINT - 4
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

clarify it would consent if (1) no claims had been filed against the transferee related to a LIHTC project, or (2) where a claim had been filed, the transferee could show it was not at fault for the underlying dispute and acted consistent with LIHTC goals. *Id*. at 43, 52-53.

More recently, and partly in response to this suit, the Commission overhauled its guidance again to provide greater detail and clarity. Dkt. Nos. 33-1 at 6-8, 33-2 at 5-7, 33-3, 33-4, 33-5 at 7-17.[1] The guidance now states the Commission will consent if it determines, based on the totality of circumstances, that the transfer will (1) promote satisfaction of existing LIHTC obligations (such as continued operation in the program, and satisfaction of housing quality, income, and rent standards), and (2) further the Commission's LIHTC priorities codified at WAC 262-01-130 (such as preservation of affordable housing, and service to special populations such as homeless, farmworkers, elderly, or children). Dkt. Nos. 33-1 at 6, 33-2 at 5. The policy also specifies certain instances in which approval is not required, including when the transfer is part of the original arrangement for creating the LIHTC project. *See id*., Dkt. No. 33-1 at 7, 33-2 at 6.

To facilitate the Commission's review of a transfer application, the transferee is directed to explain how the Commission's criteria will be met and to fill out a "Financial Status and LIHTC History" form, which seeks certifications related to the transferee's solvency and history of conduct in the LIHTC program. Dkt. No. 33-1 at 6, 33-2 at 5, 33-3. Inability to make a certification "does not result in an automatic denial" but rather "an opportunity for further explanation." Dkt. No. 33-4 at 2. The only litigation-related information sought relates to bankruptcy, foreclosure, fraud, or adverse judicial findings against the transferee related to its participation in the LIHTC program, such as a finding it caused actionable harm to a project. *Id*. at 1-2. The form makes clear the Commission "will not penalize any party's mere exercise of legal rights, including the right to

---

[1] The Commission provided public notice and an opportunity to comment. *See* Dkt. No. 33-5 at 18-22. Only three comments were submitted, none from Alden Torch. *See id*.

MOTION TO DISMISS AMENDED COMPLAINT - 5
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

have LIHTC partnership disputes resolved through litigation." *Id*. But it may consider "judicial findings against a party" regarding its past conduct "to evaluate the party's fitness as a potential project partner within the LIHTC program." *Id.*

### C. Alden Torch has been in LIHTC partnership disputes across the country and claims that the Commission's policy penalizes its litigation activities.

Alden Torch is a private fund with "a portfolio of LIHTC investments" across the nation. Dkt. No. 1 at 8. As its portfolio has grown, it has become involved in a growing number of disputes over LIHTC projects and partnerships, many resulting in lawsuits in Washington and elsewhere. *See, e.g.*, *Hidden Hills Mgmt., LLC v. AMTAX Holdings 114, LLC*, No. 3:17-cv-06048, 2019 WL 3297251 (W.D. Wash. July 23, 2019); *Pelican Rapids Leased Hsg. Assocs. I v. Broadway/Pelican Rapids, L.P.*, No. 56-CV-16-372, 2016 WL 11721693 (Minn. D. Ct. Aug. 29, 2016).[2]

While Alden Torch portrays itself as a prevailing party merely enforcing its rights, it fails to mention courts have repeatedly invalidated its conduct in the LIHTC program as unreasonable. In one of the two cases cited in the Amended Complaint, for example, the court nullified Alden Torch's attempt to force a sale of a LIHTC project by removing the managing partner—who sought to continue the project as affordable housing—for making repairs and charging affordable rents. *Hidden Hills*, 2019 WL 3297251, at *2-3, 11-13, 15-16, 20. The court found Alden Torch "sought to manufacture a reason" to remove the partner, in violation of their agreement. *Id.* at 16. The court rejected Alden Torch's position that "a general partner in a LIHTC partnership has a duty to refrain from significant repairs, and [must] keep the property only in a 'habitable' condition . . . in order to maximize the limited partner's return." *Id.* at 20. The court also rejected Alden Torch's position that rents had to be maximized regardless of the low-income status of the tenants. *Id.* at 11, 20.

---

[2] *See also, e.g.*, *Tenants' Dev't Corp. v. AMTAX Holdings*, No. 20-10902, 2020 WL 7646934 (D. Mass. Dec. 23, 2020); *Senior Hsg. Assist. Grp. v. AMTAX Hldgs.*, No. C17-1115, 2019 WL 687837 (W.D. Wash. Feb. 19, 2019); *AMTAX Hldgs. v. KDF Comm's-Hallmark*, No. 8:17-cv-01899, 2018 WL 4743386 (C.D. Cal. Jan. 9, 2018).

MOTION TO DISMISS AMENDED COMPLAINT - 6
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

On November 17, 2020, without first applying to transfer into a Washington project under the Commission's transfer policy or asking to confirm its interpretation of the policy, Alden Torch filed this suit challenging both the policy and Report as unconstitutional. Alden Torch claimed violations of the Petition, Contract, Due Process, Supremacy, and Equal Protection Clauses of the U.S. Constitution. Dkt. No. 1 at 41-55. The Complaint sought a declaration the policy is unlawful and an injunction precluding any rules based on the legal interpretation in the Report. *Id.* at 55-56. The Complaint challenged only the initial policy adopted in August 2019, and mistakenly stated the October 2020 revisions were merely proposed, not adopted. *See generally* Dkt. No. 1.

On March 19, 2021, the Commission moved to dismiss based on its revised policy. Dkt. No. 32. In response, Alden Torch filed an Amended Complaint. Dkt. No. 37. Its amendments are limited and largely non-substantive. Although the initial version of the policy remains the focus, the Amended Complaint now recognizes that the policy has been twice amended, including in response to this suit. *See, e.g.*, *id*. at 5-9. Nonetheless, the Amended Complaint alleges the Commission will act in bad faith and apply the initial, superseded version. *See id*. at 9, 46-47, 61. Alden Torch also adds a separation of powers claim, alleging that the Commission's policy allows it to second-guess courts and evaluate litigation conduct. *Id*. at 11, 45, 64-65.

### III.  ARGUMENT

**A.    This case is moot because the Commission overhauled the investor transfer policy and will not revert to the superseded version with which Alden Torch disagrees.**

As the Commission has repeatedly stated to Alden Torch and to the Court, because the superseded versions of the Commission's investor transfer policy have been substantially overhauled and are no longer in effect, this case is moot. *See, e.g.*, Dkt. No. 20 at 4, 7. A case challenging an administrative policy becomes moot when the policy is "sufficiently altered so as to present a substantially different controversy." *American Diabetes Assn v. United States*, 938

MOTION TO DISMISS AMENDED COMPLAINT - 7
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

F.3d 1147, 1152 (9th Cir. 2019); *American Cargo Transport, Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) (mootness applies where agency confirms its policy has changed). In *American Diabetes*, for example, a challenge to a policy on the basis it created a "blanket prohibition" on certain medical services was mooted when the policy was revised to institute a case-specific review process. 938 F.3d at 1150-52 (finding case moot over plaintiffs' objections).

That is exactly the case here. Alden Torch's initial Complaint challenged only the Commission's investor transfer policy adopted in 2019, overlooking that the Commission had already revised it. *See* Dkt. No. 1 at 4, 41-56. Shortly after this suit was filed, the Commission then revised the policy again to further clarify that while it may consider a transferee's track record related to the LIHTC program—including adverse judicial findings concerning such conduct—it will ***not*** "penalize any party's mere exercise of legal rights, including the right to have LIHTC partnership disputes resolved through litigation." Dkt. No. 21-1 at 43, 52-53; Dkt. No. 33-4 at 2. Putting aside whether an "actual controversy" might have existed at one time, the Commission's decision to revise its policy mooted Alden Torch's claims in this case. *See Lopez v. White Plains Hous. Auth.*, 355 F. Supp. 1016, 1021 (S.D.N.Y. 1972) (agency's "reinterpretation of its own regulations" to "remove the obstacle . . . of which the plaintiffs complain" rendered case moot).

Rather than credit the current policy, Alden Torch speculates the Commission will apply a prior version. *See, e.g.*, Dkt. No. 37 at 9, 46-47 (alleging new policy is mere "pretext"). But courts presume agencies act in good faith and take them at their word for purposes of mootness. *Am. Cargo*, 625 F.3d at 1180 (claimant could not "forestall mootness by characterizing the government's action as 'strategic mootness'"). The Commission has affirmed it will apply its revised policy going forward. *See, e.g.*, Dkt. No. 20 at 4, 7. The policy states that litigation conduct will not be penalized, which is the misconception on which this suit is based. Dkt. No. 33-4 at 2.

MOTION TO DISMISS AMENDED COMPLAINT - 8
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Alden Torch cannot revive this controversy by alleging the Commission will go back on its word.

Beyond the Commission's dispositive representations, the surrounding circumstances further belie Alden Torch's position. The Amended Complaint does not allege any version of the transfer policy has been applied to Alden Torch, or for that matter, to any other party in the manner Alden Torch fears. Moreover, the Commission amended its policy to address stakeholder concerns even ***before*** Alden Torch filed suit, reflecting its willingness to adjust its approach. That the Commission's motion to dismiss described certain adverse rulings against Alden Torch, including that it manufactured a dispute over the management of a LIHTC project, in no way supports Alden Torch's hyperbolic accusations of bad faith and subterfuge. *See* Dkt. No. 37 at 46-47.

Alden Torch also suggests the Report somehow evinces the Commission's intent to ignore its revised policy. *See, e.g.*, Dkt. No. 37 at 9. But the Report and policy are distinct in both function and substance. The Report is intended to assist courts in resolving LIHTC partnership disputes, including over ownership rights of nonprofit partners. Dkt. No. 21-1 at 2-18. The policy, on the other hand, governs whether the Commission will consent to a proposed transfer in its own LIHTC portfolio. Dkt. No. 21-1 at 43, 52-53; Dkt. No. 33-4. That the Commission has assisted courts by opining on legal issues related to its area of expertise is normal and proper, and does not impact or alter the formal policy it has adopted for its own separate exercise of programmatic authority.

**B.      Alden Torch's abstract attack on the investor transfer policy is prudentially unripe.**

Alden Torch's abstract and speculative attack on the Commission's policy is also unripe for judicial review. In determining whether a challenge is prudentially ripe for judicial review, courts examine (1) the "fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998). Here, both prongs favor deferring review of the claims Alden Torch has asserted.

MOTION TO DISMISS AMENDED COMPLAINT - 9
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

First, Alden Torch's challenge is unfit for decision because it is based on speculation that the Commission will ignore its current policy and punish litigation conduct. Courts generally consider facial constitutional challenges unfit for review where the court "can only hypothesize" whether the challenged policy will be applied in the unconstitutional manner plaintiffs allege. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 304 (1979). In such cases, "[f]acial adjudication carries too much promise of premature interpretation . . . on the basis of factually barebones records." *Sabri v. United States*, 541 U.S. 600, 609 (2004). Alden Torch does not allege that ***any*** version of the policy has ever been applied in the manner it fears. Absent further development, the Court cannot assess how the Commission will interpret or apply the policy, much less divine whether Alden Torch's speculative allegations will ever materialize. Alden Torch's fears of unreasonable action are insufficient to warrant adjudication at this time. *Ohio Forestry*, 523 U.S. at 736-37 (suit premised on speculation agency might apply policy unfairly was unripe).

Second, allowing further development would not cause hardship, which in this context requires a showing that a party is "immediately in danger" of a "direct injury." *Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 851 (9th Cir. 2007); *Ohio Forestry*, 523 U.S. at 733-34. The threat must be "real and immediate, not conjectural or hypothetical." *Pence v. Andrus*, 586 F.2d 733, 738 (9th Cir. 1978) (internal marks omitted). Here, Alden Torch alleges it has been "categorically excluded from the LIHTC program in Washington" based on its prior involvement in litigation. Dkt. No. 37 at 46-47. But Alden Torch is already involved in LIHTC projects here, and does not allege it has sought or intends to seek to transfer into any new project in Washington. *See id*. at 11-12. Alden Torch's "mere uncertainty" over how the Commission will proceed is not hardship. *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 811 (2003); *Pence*, 586 F.2d at 738.

MOTION TO DISMISS AMENDED COMPLAINT - 10
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Alden Torch relies on *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 (2007) to argue that it need not wait to "expose [itself] to liability" before challenging the policy. ECF No. 37 at 4, 50, 52, 56, 60, 63, 65. But *MedImmune* and related authorities concern when an impending government enforcement action forces a plaintiff to choose between "abandoning his rights or risking prosecution." 549 U.S. at 128-29, 134 (identifying threatened criminal prosecution, forfeiture, demolition of building, and treble damages as examples). In contrast, here there is neither impending enforcement nor the risk of liability. Alden Torch alleges only that one day it might seek approval for a transfer, and that the Commission might deny that application. Deferring review unless and until the policy is applied to Alden Torch is thus warranted. *Pence*, 586 F.2d at 738 (ripeness "assure[s] that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions").

**C.    Alden Torch cannot meet the requirements of a facial challenge.**

In addition to being both moot and unripe, Alden Torch's attempt to bring a facial challenge to the Commission's transfer policy also fails on the merits. To prevail on a facial challenge, Alden Torch must show "***no set of circumstances exists*** under which" the investor transfer policy could be validly applied. *United States v. Salerno*, 481 U.S. 739, 745 (1987) (emphasis added) (noting facial challenges are "the most difficult challenge to mount successfully" for this reason). Here, Alden Torch's facial challenge to the Commission's policy necessarily fails, for two reasons.

First, the Commission has lawful authority to oversee and set policies for LIHTC project transfers. As Washington's HFA, the Commission has broad authority to administer the program in this state. The LIHTC statute authorizes the Commission to enter into "any agreement" of its choice, to be recorded as a restrictive covenant under state law, to govern each project. 26 U.S.C. § 42(h)(6)(B); *see also* IRS, *supra*, 1999 WL 33458386, at *125. In turn, the Commission's

MOTION TO DISMISS AMENDED COMPLAINT - 11
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

covenants require its consent for a transfer and empower the Commission to amend its applicable policies over time. Dkt. No. 33-6 at 27 (requiring "prior written consent" for any transfer unless the policies provide an exception); *id.* at 16, 19 (requiring owner to comply with the regulations and policies "as the same may be amended"); *see also Shafer v. Bd. of Trustees*, 76 Wash. App. 267, 273-74 (1994) (restrictive covenant can allow party to adopt new requirements over time). The Commission's transfer policy is thus an authorized component of the LIHTC program.

Second, there are circumstances in which the Commission's policy could be validly applied. Indeed, Alden Torch itself has admitted its constitutional rights would not be implicated if the Commission refused a transfer due to "objectively baseless" and unlawfully motivated litigation activities. Dkt. No. 37 at 48. More to the point, the Commission's revised policy identifies various examples such as a prior failure to keep a LIHTC project solvent, violation of a program requirement or covenant, or actionable harm to a project. *See* Dkt. No. 33-4. These are valid grounds for withholding consent to a transfer. Alden Torch does not suggest otherwise.

The Commission anticipates Alden Torch might attempt to overcome this fatal defect by arguing the policy is facially overbroad under the First Amendment. But that too would fail as a matter of law. Under the overbreadth doctrine, a law may be facially challenged for burdening expression even if there are some potentially valid applications. *See Broadrick v. Oklahoma*, 413 U.S. 601, 613, 615 (1973). But this is a "limited" exception, requiring a "substantial" burden on expression, that is applied "sparingly and only as a last resort" to vindicate speech rights. *Id.* at 613, 615. At most, the doctrine would apply only to Alden Torch's Petition claim, its only First Amendment claim. Yet the overbreadth doctrine does not apply here at all, for multiple reasons.

First, Alden Torch's commercial interests are insufficient for an overbreadth challenge. The Supreme Court has held that "the overbreadth doctrine does not apply to commercial speech."

MOTION TO DISMISS AMENDED COMPLAINT - 12
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982); *see also, e.g.*, *Killgore v. City of S. El Monte*, No. 2:19-cv-00442, 2019 WL 8105371, at *4 (C.D. Cal. Dec. 19, 2019) (dismissing claim because an "overbreadth challenge cannot be brought against a regulation of commercial speech"). Alden Torch, a for-profit fund, alleges only that the Commission's investor transfer policy hinders its commercial activities. *See, e.g.*, Dkt. No. 37 at 36, 45. That is not a valid basis for an overbreadth challenge, as a matter of law.

Second, the Commission's policy does not burden First Amendment rights at all, much less substantially, given that it is a reasonable condition for participation in a government program. A condition precedent to a benefit or program, even if it limits expression, does not infringe constitutional rights so long as it regulates conduct related to the program as opposed to conduct outside of and unrelated to it. *See Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205, 214-17 (2013); *Parks v. Watson*, 716 F.2d 646, 652-53 (9th Cir. 1983). Here, the Commission's transfer policy defines the contours of participation in the LIHTC program. In deciding whether to consent to a transfer of existing project interests within its portfolio, the Commission considers the proposed transferee's financial status and track record in the program. The only litigation-related information considered either relates to solvency or fraud, or is limited to adverse findings about prior ***conduct in the LIHTC program***, not litigation per se or conduct within litigation. Dkt. No. 33-4.[3]

Finally, any arguable burden on expression from the policy would be relatively minimal. An overbreadth challenge requires that the "unconstitutional applications" of the law "substantially

---

[3] Similarly, a public contractor's First Amendment activities are not protected from governmental intrusion in the context of that relationship unless (1) its expression is on "a matter of public concern," not a mere business interest, and (2) its interests are weightier on balance than the government's interests in effectively managing its program. *See Bd. of Cnty. Comm'rs v. Umbehr*, 518 U.S. 668, 674-76, 678 (1996); *Rendish v. City of Tacoma*, 123 F.3d 1216, 1220-22 (9th Cir. 1997) (same standards apply to litigation activities); *Heritage Constructors, Inc. v. City of Greenwood*, 545 F.3d 599, 600-03 (8th Cir. 2008) (same standards apply to contractor seeking more contracts). As a contractual participant in the LIHTC program, Alden Torch does not suggest its litigation activities are a matter of public concern, or that its monetary interests outweigh the Commission's interests in preserving its affordable housing portfolio.

MOTION TO DISMISS AMENDED COMPLAINT - 13
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

exceed its constitutional applications." *Canatella v. Stovitz*, 365 F.Supp.2d 1064, 1077 (N.D. Cal. 2005) (citing *New York v. Ferber*, 458 U.S. 747, 770 (1982)). Here, the policy has a wide range of potential applications that do not implicate protected expression—such as bankruptcy, fraud, or a program violation. Alden Torch does not suggest any of these would be an invalid basis for the Commission to refuse a transfer.

Instead, Alden Torch suggests the Commission is somehow acting improperly by considering adverse judicial findings. But administrative agencies consider and apply judicial findings all the time—through application of preclusion principles, consideration of prior judgments to determine fitness and integrity for contracting, or otherwise—and doing so does not violate a party's constitutional rights. *See, e.g.*, *Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 1315 (Fed. Cir. 1983) (noting collateral estoppel is "desirable, indeed necessary" in administrative proceedings); 48 C.F.R. § 9.406-2 (providing federal contractor may be debarred for a "civil judgment" of an "offense indicating a lack of business integrity").[4]

### D. The Report is government speech that does not support Alden Torch's claims.

As before, Alden Torch devotes much of its Amended Complaint to disagreeing with the Commission's Report, but alleges no claims related to it and seeks only an injunction prohibiting "any other rule or regulation" based on the views expressed therein. Dkt. No. 37 at 66. The Report is a mere statement of opinions on the LIHTC statute and how courts should resolve LIHTC

---

[4] To whatever extent the Court considers the merits of Alden Torch's other claims in support of its facial challenge, they lack key elements and are thus subject to dismissal on this further basis. The Contract Clause claim fails because Alden Torch has not alleged cognizable interference with its contracts, only secondary or indirect effects, which are insufficient. *See, e.g.*, *Pure Wafer Inc. v. Prescott*, 845 F.3d 943, 951-52 (9th Cir. 2017). The due process claim fails because it is derivative and because Alden Torch has no legal entitlement to approval of a LIHTC transfer. *See, e.g.*, *Scott v. City of Seattle*, 99 F. Supp. 2d 1263, 1267 (W.D. Wash. 1999). The Supremacy Clause claim fails because the Commission's policy is legally authorized and consistent with, rather than in conflict with, the LIHTC statute. *See, e.g.*, *Tuttle v. Front St. Affordable Hsg. Partners*, 478 F. Supp. 3d 1030, 1046-47 (D. Haw. 2020). The separation of powers claim fails because the Commission's policy is authorized and if anything reflects deference to court judgments. Dkt. No. 33-4. And the equal protection claim fails because it is based on speculation about unreasonable agency action that has never and will never come to pass.

MOTION TO DISMISS AMENDED COMPLAINT - 14
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

partnership disputes. It has not been adopted as a policy or rule. To whatever extent Alden Torch is attempting to pursue this as a claim separate from its challenge to the Commission's transfer policy, it fails as a matter of law. Until the Commission adopts or applies any given policy or rule, there is no case or controversy and no ripe dispute for this Court to resolve. *See, e.g.*, *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 324 (1936) (federal courts do not give advisory rulings on "abstract questions"); *Summers v. Earth Isl. Inst.*, 555 U.S. 488, 493 (2009) ("conjectural or hypothetical" harm cannot support an injunction); *Helco Prods. Co. v. McNutt*, 137 F.2d 681, 684 (D.C. Cir. 1943) (judicial review does not extend to "all situations in which conflicts may impend, between private business and government agencies, in the working out of policies and programs"); *Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016) (noting it would be "the height of irony" if "mere speech" by the government "could constitute a First Amendment violation").[5]

### IV.  CONCLUSION

Alden Torch's abstract and preemptive attack on the Commission's transfer policy, which has not been applied to Alden Torch and serves a legitimate function within the LIHTC program, should be dismissed because it is moot, unripe, and fails on the merits. The Commission conferred with Alden Torch before filing this motion but it declined to address these deficiencies.

DATED this 30th day of April, 2021.

PACIFICA LAW GROUP LLP

By *s/ Taki V. Flevaris*
Paul J. Lawrence, WSBA #13557
Taki V. Flevaris, WSBA #42555
Alanna E. Peterson, WSBA #46502
1191 Second Avenue, Suite 2000
Seattle, WA 28101

---

[5] As explained in the Report and reflected in some of the emerging case law in this area, the Commission disagrees with the particular interpretation of the LIHTC statute Alden Torch presents in the Amended Complaint regarding nonprofit ownership rights, including because it fails to abide by established principles of statutory construction. *See* Dkt. No. 21-1 at 10-13; *Opa-Locka Community Dev. Corp., Inc. v. HK Aswan, LLC*, No. 2019-16913-CA-01, 2020 WL 4381624, at *8-9 (Fla. Cir. Ct. July 7, 2020). But this suit is not the proper forum for resolving that disagreement.

MOTION TO DISMISS AMENDED COMPLAINT - 15
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Telephone: (206) 245-1700
Facsimile: (206) 245-1785
Paul.Lawrence@pacificalawgroup.com
Taki.Flevaris@pacificalawgroup.com
Alanna.Peterson@pacificalawgroup.com

*Attorneys for Defendants*

MOTION TO DISMISS AMENDED COMPLAINT - 16
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2021, I electronically filed the foregoing document with the Court ECF system, which will send notification of such filing to all counsel of record.

Dated this 30th day of April, 2021.

<i>s/ Thien Tran</i><br>Thien Tran, Paralegal/Legal Assistant

MOTION TO DISMISS AMENDED COMPLAINT - 17
Case No. 2:20-cv-01698-BJR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750